**In re PRUDENCE CO., Inc.**

**No. 63.**

Circuit Court of Appeals. Second Circuit.
Nov. 1, 1937.

Delafield, Thorne & Marsh, of New York City (George H. Porter and Charles W. Root, both of New York City, of counsel), for appellant.

Thomas Cradock Hughes and Emanuel Celler, both of New York City (Irving L. Schanzer and Hubert Margolies, both of New York City, of counsel), for appellees.

Before MANTON and CHASE, Circuit Judges, and COXE, District Judge.

Larkin, Rathbone & Perry, of New York City (Henry E. Kelley and W. Frederick Knecht, both of New York City, of counsel), for appellant.

Thomas Cradock Hughes and Emanuel Celler, both of New York City (Irving L. Schanzer and Hubert Margolies, both of New York City, of counsel), for appellees.

Before MANTON and CHASE, Circuit Judges, and COXE, District Judge.

MANTON, Circuit Judge.

The Central Hanover Bank & Trust Company is a trustee under trust agreements dated July 1, 1925, and February 2, 1931, respectively, of the Prudence-Bonds Corporation, under which the Sixth Series of bonds and the Eighteenth Series of bonds of that corporation were issued and sold. By the terms of both trust agreements, the debtor herein guaranteed payment of principal and interest on the bonds when it became due and payable

at maturity or within eighteen months thereafter, if unpaid. Nonpayment of the principal or interest was an event of default, upon the happening of which the trustee was authorized to collect the principal and interest then unpaid or thereafter accruing upon all securities in the trust funds and to institute proceedings for the foreclosure of any past due mortgages or other securities in said trust funds.

On November 8, 1934, the Central Hanover Bank & Trust Company, as trustee under these agreements, gave notice in writing declaring the principal of all outstanding bonds due and payable thereunder, and demanded payment as well as terminating the agency to service the collaterals under the agreements. On February 4, 1935, as such trustee under each trust agreement, it served notice upon the appellees terminating their right and also that of the Prudence-Bonds Corporation to service said mortgages and demanding that they turn over all cash and documents in their possession necessary to service said collateral.

The order appealed from denied the appellant's application to turn over $9,766.-67 collected in respect to collateral securing the Sixth Series and $8,313.21 of the Eighteenth Series. These sums were retained by the appellees who claimed that they represented the fair and reasonable compensation to them for having serviced the mortgages between February 1, 1935, and July 1, 1936.

For the reasons which we have stated in Re Prudence Company, Inc., Debtor (Brooklyn Trust Company v. Prudence Co.), 92 F.(2d) 419, decided this day, the order prayed for should have been granted.

Order reversed.